[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These municipal property tax appeals were tried together before the court. The plaintiffs appeal the assessor's valuation of units in two condominium complexes in the town of Griswold as of the October 1, 1992 revaluation date.
In the case of Griswold Ashland Limited Partnership (Griswold Ashland), the plaintiff appeals the assessor's valuation of twenty-one condominium units located on East Main Street in Griswold. The assessor determined that the fair market value of the twenty-one condominium units CT Page 10061 was $53,900 per unit, with a 70% assessed value of $37,730 as of October 1, 1992. The plaintiff claims that the fair market value of the twenty-one condominium units was $37,500 per unit. This appeal covers the grand lists of October 1, 1995 through October 1, 2000.
In the case of Heather Lyn Limited Partnership (Heather Lyn), the plaintiff appeals the assessor's valuation of twenty-three condominium units located at the intersection of Brown Avenue and Russell Streets in Griswold. The assessor determined that the fair market value of the twenty-three condominium units was $53,500 per unit, with a 70% assessed value of $37,450 as of October 1, 1992. The plaintiff claims that the fair market value of the twenty-three condominium units was $42,000 per unit. This appeal also covers the grand lists of October 1, 1995 through October 1, 2000.
Griswold Ashland Units
The defendant raises a procedural issue in the Griswold Ashland case. The defendant argues that Griswold Ashland cannot challenge the fair market value of the units, but is limited in this appeal to a challenge of the value of the improvements made to the units because that was the only issue raised in its written appeal form requesting a hearing before the board of assessment appeals. We disagree. The appeal to the board is an opportunity for taxpayers to informally appear before the local board to challenge the assessor's determination of value placed upon the taxpayer's property. Appeals to the superior court are de novo appeals and the ultimate question is the ascertainment of the true and actual value of the property. Torres v. Waterbury, 249 Conn. 110, 117,733 A.2d 817 (1999). General Statutes § 12-117a provides that taxpayers aggrieved by a decision of the board may appeal therefrom to the superior court, and that the court in such appeals "shall have the power to grant such relief as to justice and equity appertains, upon such terms and in such manner and form as appear equitable." No record of the proceedings before the local board is made and the court's function in a de novo appeal is not simply to review the proceedings before the board to determine whether the board acted illegally or arbitrarily in making its decision. The court is not limited in a de novo tax appeal to considering only those issues raised and discussed at the informal hearing before the board. We will not limit our determination in this case to the value of the improvements.
The Griswold Ashland condominium units were originally units in an apartment complex constructed in 1968. The units in the apartment complex were converted into condominium units in 1988. The building containing the units is a two story building with no elevators. The total number of units in this building is thirty. There is a total of sixty-one parking CT Page 10062 spaces, including twenty-three guest parking spaces. Each condominium unit has two bedrooms, a kitchen, a dining area, a living room and one and a half bathrooms. Each unit contains 860 square feet of gross living area in two 430 square foot levels of living space. The type of heating for each unit is hot air, oil, with no central air conditioning. The units were in average condition on the revaluation date.
The plaintiff's appraiser, James B. Blair used the market sales approach for determining the fair market value of the Griswold Ashland units on October 1, 1992. Blair relied on the selection of five comparable sales. Sale one was in the same complex as the subject units, containing the same size, rooms and utilities. Sale one sold on December 17, 1992 for $50,000. Blair adjusted the price by 20% to $40,000 based upon the owner's investment of $13,000 to renovate the unit by installing a new kitchen, flooring, bath and interior cosmetics. Blair's sale two was a unit in Pachaug River Commons condominium complex located about one mile from the Griswold Ashland complex. Sale two was of comparable size and condition as the subject units. However, sale two was only four years old, compared to the subject units in a complex built in 1968. Blair adjusted the sales price on this unit by 12.5% to arrive at an adjusted sales price of $37,620. The next three comparable sales used by Blair were three sales of condominium units in Town House Place in Danielson. The reason Blair used these sales was that the units, similar to the subject units, had been converted from apartment use to condominium use. Town House Place is approximately sixteen years old. The sales prices on these three sales ranged from $38,000 to $41,500. Blair adjusted the sales price on these three sales to a range from $34,600 to $36,600.
The town's appraiser, A. Pete Dallaire, used three approaches to value: the sales approach, the cost approach and the income approach. We conclude that the market sales approach is the most credible method to use in arriving at the value of the subject units. The subject units are over twenty years old and are not basically rental income units. Neither the cost nor the income approach is appropriate to use to establish value in this case because the subject units are over twenty years old and are not basically rental income units.
In his sales approach, Dallaire used the same sale one as Blair; however, he made no adjustments to this sale and let the sale price of $50,000 stand as the comparable selling price. Dallaire had not inspected the interior of sale one and was not aware of the improvements to this unit. Dallaire selected four additional comparable sales within a mile of the subject complex with a range of sales prices from $42,516 to $79,700. All of these sales were of comparable size and condition as the subject units; however, all of these sales were of newer units. CT Page 10063
Both appraisers recognized that on October 1, 1992, the market for condominium units was falling. In considering the comparable sales selected by Blair and Dallaire, we recognize that converted apartment units, such as the subject units, and the age of the subject units are important factors when distinguishing one comparable sale from another. Considering all of the comparable sales used by both appraisers, we give the greatest weight to comparable one selected by both appraisers, and to comparable five selected by Dallaire and comparable two selected by Blair to arrive at a fair market value of $45,000 per unit for the Griswold Ashland units.
Heather Lyn Units
The twenty-three Heather Lyn units are located in a thirty-two unit complex that was built in 1977. Like the Griswold Ashland units, they were originally constructed as apartments and converted to condominiums in 1987. They are very similar in size and design to the Griswold Ashland units. Blair and Dallaire relied basically on the same comparable sales for the Heather Lyn units that they used for determining the value of the Griswold Ashland units. Both appraisers recognize that the Heather Lyn units commanded a higher valuation than the Griswold Ashland units on the October 1, 1992 grand list. Blair concluded that the Heather Lyn units had a fair market value as of October 1, 1992 of $42,000 per unit. Although the assessor valued the Heather Lyn units at $53,500 each, Dallaire concluded that the value of each of the units was $55,000. Both appraisers found that the fair market value of the Heather Lyn units as of October 1, 1992 was approximately $5,000 more per unit than the Griswold Ashland units. Accordingly, we adopt the distinction made by both appraisers and conclude that the fair market value of the Heather Lyn units as of October 1, 1992 was $50,000 per unit.
Since we conclude that the values of both the Griswold Ashland and Heather Lyn condominium units Heather Lyn on October 1, 1992 were lower than that determined by the assessor, we sustain the plaintiffs' appeals, without costs to either party.
Accordingly, judgment may enter in favor of the plaintiffs in both cases, without costs to either party.
 Arnold W. Aronson Judge Trial Referee
CT Page 10064